FUJII JUNICHI SHOTEN, LTD. ET AL. *v.* UNITED STATES

No. 5368.—Invoices dated Hiroshima, Japan, March 23, 1935, etc.
　　　　Certified March 27, 1935, etc.
　　　　Entered at Honolulu, T. H., April 8, 1935, etc.
　　　　Entry No. 2577, etc.

(Decided August 1, 1941)

　*Lawrence & Tuttle* (*George R. Tuttle* of counsel) for the plaintiffs.
　*Paul P. Rao,* Assistant Attorney General (*Daniel I. Auster,* special attorney), for the defendant.

OLIVER, Presiding Judge: The appeals to reappraisement listed in schedule A, hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:

It is hereby stipulated and agreed by and between counsel for plaintiffs and the Assistant Attorney General for the United States, subject to the approval of the court:

(1) That the merchandise covered by the appeals enumerated in annexed schedule, marked "A" on the invoices and initialed by Examiners *BAB B. A. Bridges ZSB Zenas S. Brown HNK Henry N. Kimura LFB Leslie F. Brewer* consists of rubber-soled shoes of the same character and description as those covered by *Samura* v. *US,* Reap. Dec. 4437, and appraised on the same basis; that the record in said decision may be incorporated herein, and that the unit invoiced values of said shoes, plus packing and cases as invoiced, represent the foreign and export values as defined in section 402, tariff act of 1930.

(2) That, as to the merchandise covered by the appeals enumerated in annexed schedule, marked "B" on the invoices and initialed by Examiners *BAB B. A. Bridges LFB Leslie F. Brewer HNK Henry N. Kimura* at the time of exportation of the merchandise, such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, packed ready for shipment to the United States, at the invoice unit price plus packing as invoiced; also, that at the time of exportation there was no higher foreign value for this merchandise.

(3) That, as to merchandise referred to in paragraph (2) above, at the time of exportation no like or similar article, manufactured or produced in the United States, was being freely offered for sale for domestic consumption to all purchasers in the principal market of the United States, in the ordinary course of trade, and hence, the appraisement herein, insofar as it was made under authority of the Presidential proclamation published in TD 46158, was inapplicable to said merchandise.

(4) That the appeals as to all other merchandise not included supra and contained in the invoices is abandoned.

(5) That these cases may be submitted on the foregoing stipulation.

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for

the determination of the value of the merchandise here involved, and that such values are as follows:

As to the items of merchandise the invoiced descriptions of which are marked A on the invoices and initialed by the respective examiners, the unit invoiced values,. plus packing and cases as invoiced.

As to the items of merchandise the invoiced descriptions of which are marked B on the invoices and initialed by the respective examiners, the invoice unit prices, plus packing as invoiced.

The appeals having been abandoned insofar as they relate to all other merchandise, to that extent the appeals are hereby dismissed. Judgment will be rendered accordingly.